LOVISA H. WILLIAMS

*vs.*

THE CAMDEN AND ROCKLAND WATER COMPANY.

Knox. Opinion December 16, 1887.

*Damages. Action. Waters.*

In an action of the case for damages caused by diverting the water, by means of a dam, from its natural water-course over the plaintiff's land, the plaintiff can only recover the damages sustained prior to the date of the writ.

Such an action can not be maintained when the dam is erected under the authority of a statute which provides a remedy for one who sustains damage by reason of the dam.

ON exceptions.

*J. H. Montgomery,* for plaintiff.

The rule for prospective damages is laid down clearly in the case of *Canal Co.* v. *Hitchings,* 65 Maine, 142. In this case

defendants cannot be made to remove the dam at the mouth of the pond, which stops the flow of water by the brook through the plaintiff's land and causes the injury of which she complains. The right to build the dam and divert the water of the pond is granted defendant, by legislative authority, and if that authority is not exceeded, injunction will not lie. *Moen Man. Co.* v. *Worcester*, 116 Mass. 458.

In the case of *Lee* v. *Pembroke Iron Co.* 57 Maine, 481, where by authority of the Legislature, defendant corporation erected a dam across the Pennemaquan river which caused the water to flow back and injured plaintiff's mill and privilege, the court say, "It cannot be necessary to waste time or words to establish the proposition that he who assumes under color of legislative authority, to overflow an ancient mill 'takes' that mill and privilege from the owner as directly and effectually as though he entered upon the premises and demolished the buildings."

If the damages were to be assessed under the statute immediate and prospective would be the rule. *Bailey* v. *Woburn*, 126 Mass. 421.

*Cogswell* v. *Essex Mill Cor.* 6 Pick. 94, a case where by legislative authority a corporation was empowered to erect a mill dam across a river and no remedy was provided to compensate persons injured thereby, the court say, "What then is the remedy if any one is injured by the execution of the act of the legislature? An action at common law . . and they will have an action for the consequential injury."

In *Newhall* v. *Ireson*, 8 Cush. 599, a case similar to this, in which plaintiff only asked for nominal damages, the court say: "And although the plaintiff has sustained no present damages, because she has had no mill upon it or otherwise used it for any agriculture or manufacturing purposes, yet such diversion would prevent such beneficial use of it hereafter and thus impair the value of the estate."

And therefore a cranberry meadow although never used for that purpose yet the possible use of it for such purpose, is a proper claim, when water is diverted from it under legislative

authority. *Warren* v. *Spencer Water Co.* 143 Mass. 155; so with a water power, *Plumleigh* v. *Dawson*, 6 Ill. (1 Gilm.) 544; so with a prospective ferry landing, *Maqre* v. *Little Rock, &c. R. R. Co.* 41 Ark. 202.

And the general rule is, the market value of the land appropriated, in view of all the purposes to which it is naturally adapted is the measure of damages. *Moulton* v. *Newburyport Water Co.* 137 Mass. 167; *Cobb* v. *Boston*, 112 Mass. 181; *Lawrence* v. *Boston*, 119 Mass. 126; *Drury* v. *Midland R. R. Co.* 127 Mass. 571.

*C. E. Littlefield*, for defendant, cited; *Cumberland and Oxford Canal Corporation* v. *Hitchings*, 65 Maine, 140; *Rockland Water Company* v. *Tillson*, 69 Maine, 268; *Cole* v. *Sprowl*, 35 Maine, 161; *Dority* v. *Dunning*, 78 Maine, 390; *Staple* v. *Spring et al.* 10 Mass. 75; *Lund* v. *New Bedford*, 121 Mass. 286; 1 Sedgwick, Damages, 195, 279, 280; 1 Sutherland, Damages, 187, 202.

LIBBEY, J. This is an action of case against the defendant for diverting the water from a natural watercourse over the plaintiff's land from April 1, 1886, to the date of writ, July 26, 1886.

The watercourse flowed from Oyster River pond, and in 1885 the defendant erected a dam at the outlet of the pond, which, when the water was low, diverted the water from the brook, which the plaintiff claims damaged her pasture and a natural mill privilege on her land.

The contention between the parties is whether the plaintiff can recover in this action prospective damages, or must be limited to damages sustained prior to the commencement of the action. The court below ruled that she could recover only what she had sustained at the date of the writ.

We think this ruling correct. The case as reported, does not show the destruction of the watercourse. The flow of the water in it was diminished only. In time of drought it is prevented by the dam from flowing at all. If the dam was unlawfully

erected, it is the duty of the defendant to remove it, or open a gate in it to give the water its natural flow over the plaintiff's land; and every day it continues the dam it is guilty of a wrong. If it removes the dam which it may at any time do, or permits the water to have its natural flow in its course, it is no longer guilty. While the dam is maintained it is a nuisance, and its continuance may be enjoined. In such case it is the settled law of this state that damages are limited to the date of the writ. *C. & O. Canal Co.* v. *Hitchings,* 65 Maine, 140; *Dority* v. *Dunning,* 78 Maine, 381.

But the plaintiff claims that the diversion of the water by the defendant is by virtue of an act of the legislature of 1885, c. 522, which gives it authority to take it for the purposes specified; and therefore the injury is permanent.

The case does not show that the erection of the dam by the defendant was under the authority of that act. If the water was taken by it in conformity with the requirements of the act, it was not unlawful—not a tort—and this action cannot be maintained. The plaintiff must pursue her remedy for damages under section four of the act, which provides that they shall be "ascertained in the same manner, and under the same conditions, restrictions and limitations as are by law prescribed in the case of damages by the laying out of highways." But the case as reported does not show that the defendant had taken the water in accordance with the provisions of the act.

By the report, if the exceptions are overruled the court is to assess the damages upon the evidence reported. We think the evidence does not show that the plaintiff sustained more than ten dollars damage prior to the date of the writ.

> *Exceptions overruled. Damages assessed at ten dollars.*

WALTON, DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.

PETERS, C. J., did not sit.